1

THE HONORABLE BENJAMIN H. SETTLE

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   PORT OF TACOMA, a public port district
organized under the laws of the State of
11   Washington,

12            Plaintiff,

13       v.

14   BURLINGTON ENVIRONMENTAL,
LLC, a Washington limited liability
15   company,

16            Defendant,

17       and

18   BURLINGTON ENVIRONMENTAL,
LLC,

19            Counterclaimant and Third-
Party Plaintiff,

20

21       v.

22   PORT OF TACOMA,

23            Counterclaim Defendant,

24       and

25   GENERAL METALS OF TACOMA, INC.,

26            Third-Party Defendant.

Case No. 3:24-cv-05093-BHS

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED
INFORMATION AND ORDER

Note on Motion Calendar: December 3, 2024

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER -- 1

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B.    ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.    Custodians. Five (5) to seven (7) custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of information under the custodian's control. If a party, after conducting a good faith investigation, discovers that the party has fewer than five (5) custodians that are likely to have discoverable ESI in their possession, custody, or control, or that the party must disclose more than seven (7) custodians to cover all relevant topics, the parties shall meet and confer to agree on a smaller or larger number of custodians to be disclosed, as the case requires, based on the complexity, proportionality, and nature of the case. Disputes should promptly be submitted to the Court for resolution.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER -- 2

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

2. _Non-Custodial Data Sources_. A list of non-custodial data sources (_e.g._, shared drives, servers), if any, likely to contain discoverable ESI.

3. _Third-Party Data Sources_. A list of third-party data sources, if any, likely to contain discoverable ESI (_e.g._, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. _Inaccessible Data_. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). The parties agree to take reasonable steps to preserve inaccessible discoverable data that is known to the preserving party and which is under the preserving party's custody or control until the parties meet and confer about whether such data shall be preserved.

5. _Foreign Data Privacy Laws_. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, _e.g._, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.     ESI Discovery Procedures**

1. _On-Site Inspection of Electronic Media_. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. _Search Methodology_. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER -- 3

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

1          a.      Prior to running searches:

2                  i.      The producing party shall disclose the data sources (including

3    custodians), search terms and queries, any file type and date restrictions, and any other

4    methodology that it proposes to use to locate ESI likely to contain responsive and discoverable

5    information. The producing party may provide unique hit counts for each search query.

6                  ii.     After disclosure, the parties will engage in a meet and conferral

7    process regarding additional terms sought by the non-producing party. The parties will endeavor

8    to identify additional search terms to be utilized by the producing party in consideration of

9    complexity, proportionality, and nature of the case. The parties will cooperate in evaluating

10   these considerations through the use of hit reports and refinement of searches to balance the

11   requesting party's need for discovery of ESI with the complexity, proportionality, and nature of

12   the case.

13                 iii.    The following provisions apply to search terms/queries of the

14   requesting party. Focused terms and queries should be employed; broad terms or queries, such

15   as product and company names, generally should be avoided. A conjunctive combination of

16   multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count

17   as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*,

18   "computer" or "system") broadens the search, and thus each word or phrase shall count as a

19   separate search term unless they are variants of the same word. The producing party may

20   identify each search term or query returning overbroad results demonstrating the overbroad

21   results and a counter proposal correcting the overbroad search or query.

22        3.      Format.

23          a.      ESI will be produced to the requesting party with extracted or searchable

24   text and agreed metadata in a form ready to load to an electronic discovery platform. The parties

25   shall meet and confer and agree upon the format of production. Acceptable formats include, but

26   are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file),

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER -- 4

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and PDFs (with a companion OCR or extracted text file).

      b.    Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, presentation, audio, video, and drawing files, will be produced in native format. If a document is produced in native format, a single-page Bates-stamped slip sheet stating the document has been produced in native format should also be provided. Each native file should be named for its Bates number with its original file extension and should be linked directly to its corresponding record in the load file using the NativeFileLink field.

      c.    Each document image file shall be named with a unique number (Bates Number). Parties will take reasonable steps to ensure that file names are not more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

      d.    If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    4.    <u>De-duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources at the document family level, based on hash values. Attachments should not be eliminated as duplicates unless the parent email and all attachments are also duplicates. The duplicate custodian information removed during the de-duplication process will be tracked in a duplicate/other custodian field in the database load file.

    5.    <u>Email Threading</u>. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. The parties must maintain all parent-child relationships,

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER -- 5

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

*i.e.*, if a lesser inclusive email has attachments not attached to the more inclusive email, the lesser inclusive email and attachments must be produced in their entirety. Upon reasonable request, the producing party will produce a less inclusive copy.

6.     <u>Parent-Child Document Relationships</u>. The parties agree to produce complete document families (*i.e.*, an email and its attachments) in the same production set, with the parent-child relationship captured in the production Bates attach begin and production Bates attach end fields in the database load file. Full document families will be produced even if a single part of the family, taken out of the family context, may be non-responsive. Parties may withhold privileged documents from otherwise responsive document families by producing a single-page Bates-stamped image placeholder stating the document has been withheld for privilege.

7.     <u>Metadata Fields</u>. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

8.     <u>Hard-Copy Documents</u>. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI).

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER -- 6

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

**D.    Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.    The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.    Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

  a.    Deleted, slack, fragmented, or other data only accessible by forensics.

  b.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

  c.    Online access data such as temporary internet files, history, cache, cookies, and the like.

  d.    Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

  e.    Backup data that are duplicative of data that are more accessible elsewhere.

  f.    Server, system or network logs.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER -- 7

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.    Privilege**

1.    A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order.

2.    The parties agree that, unless good cause exists to require a party to do so, they need not log the following:

(a) information or communications shared exclusively between a producing party and its outside counsel, or an agent of outside counsel, after the filing of the Complaint;

(b) information or communications shared with any non-testifying experts in connection with specific litigation; or

(c) information, documents, or communications protected by Federal Rule of Civil Procedure 26(b)(4).

3.    Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. A party must manually populate on its privilege log an author

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER -- 8

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

and date for any withheld document where that information is not provided by the objective

metadata, unless such information is not reasonably discernable from the document or the

information is not necessary to evaluate the claim of privilege in light of the metadata that is

discernable and/or the information provided as the basis for the claim. Privilege logs will be

produced to all other parties no later than 30 days before the deadline for filing motions related

to discovery, unless an earlier deadline is agreed to by the parties.

4.      Redactions need not be logged so long as the basis for the redaction is clear on

the redacted document.

5.      Activities undertaken in compliance with the duty to preserve information are

protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

6.      A party may not redact information on the basis it believes such information to

be irrelevant or non-responsive.

7.      A party that withholds any document entirely on the basis of privilege shall

produce a Bates-numbered placeholder page/slip sheet that contains the following language:

"Document Withheld on the Basis of Privilege." Slip sheets for withheld documents need be

produced only for partially privileged families, where the producing party asserts privilege over

a portion but not all of the responsive documents in the family. Slip sheets need not be produced

for fully privileged document families.

8.      Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically

stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding

shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute

a waiver by the producing party of any privilege applicable to those documents, including the

attorney-client privilege, attorney work-product protection, or any other privilege or protection

recognized by law. This Order shall be interpreted to provide the maximum protection allowed

by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing

contained herein is intended to or shall serve to limit a party's right to conduct a review of

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER -- 9

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

documents, ESI or information (including metadata) for relevance, responsiveness and/or

segregation of privileged and/or protected information before production. Information produced

in discovery that is protected as privileged or work product shall be immediately returned to the

producing party, and its production shall not constitute a waiver of such protection.


DATED this 3rd day of December, 2024.

NORTHWEST RESOURCE LAW PLLC


*s/ Douglas J. Steding*
Douglas J. Steding, WSBA #37020
dsteding@nwresourcelaw.com
206.971.1567
Merryn B. DeBenedetti, WSBA #35777
mdebenedetti@nwresourcelaw.com
206.971.1569
Greg A. Hibbard, WSBA #60526
ghibbard@nwresourcelaw.com
206.971.1568

*Attorneys for Plaintiff and Counterclaim
Defendant Port of Tacoma*

VAN NESS FELDMAN LLP


*s/ Sophia E. Amberson (via email authorization)*
Dale N. Johnson, WSBA #26629
dnj@vnf.com
206.802.3832
Clara Park, WSBA #52255
cpark@vnf.com
206.802.3855
Sophia E. Amberson, WSBA #52528
samberson@vnf.com
206.802.3858

*Attorneys for Defendant, Cross-Claimant, and
Third-Party Plaintiff Burlington Environmental,
LLC*

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER -- 10

Case No. 3:24-cv-05093-BHS

**NORTHWEST RESOURCE LAW PLLC**
71 Columbia Street, Suite 325
Seattle, WA 98104
206.971.1564

1

WILLIAMS, KASTNER & GIBBS PLLC

2

3        *s/ James M. Bulthuis (via email authorization)*
        Mark M. Myers, WSBA #15362
4        mmyers@williamskastner.com
        206.628.6633
5        James M. Bulthuis, WSBA #44089
        jbulthuis@williamskastner.com
6        509.220.4768

7        *Attorneys for Third-Party Defendant General*
        *Metals of Tacoma, Inc.*

8

9                          **ORDER**

10       Based on the foregoing, IT IS SO ORDERED.

11

         DATED: December 4th, 2024

12

13

14       _____
         The Honorable Benjamin H. Settle
15       UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

AGREEMENT REGARDING DISCOVERY OF          **NORTHWEST RESOURCE LAW PLLC**
ELECTRONICALLY STORED INFORMATION AND     71 Columbia Street, Suite 325
ORDER -- 11                               Seattle, WA 98104
                                          206.971.1564

Case No. 3:24-cv-05093-BHS